**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ADDYS LAMB,<br>    Appellant, | DOCKET NUMBER<br>NY-0752-19-0223-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: March 13, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Irena Delgado, New York, New York, for the appellant.

David S. Friedman, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the New York Field Office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is employed by the agency as a Mail Handler Equipment Operator. Initial Appeal File (IAF), Tab 1 at 3; Petition for Review (PFR) File, Tab 5 at 77-78. He filed a Board appeal, alleging that the agency reduced his grade from PS-05 to PS-04 and engaged in retaliatory acts. IAF, Tab 1 at 4, 11. During the pendency of the appeal, the appellant informed the administrative judge that he wished to withdraw his appeal without prejudice. IAF, Tab 17. The administrative judge ordered the appellant to clarify whether he sought a dismissal without prejudice or withdrawal of the appeal. IAF, Tab 16. The appellant responded that he wished to withdraw the appeal without prejudice "as long as the agency discontinue[d] its unlawful, deceptive, and [retaliatory] conduct." IAF, Tab 18. The administrative judge issued an initial decision that dismissed the appeal as withdrawn. IAF, Tab 19, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision. PFR File, Tab 1. He asserts that the agency continued to discriminate against him based on his age and disability and engaged in fraudulent and deceptive conduct that resulted in reprisal and physical and financial harm. *Id.* at 1. Specifically, he observes that the agency made a fraudulent claim that it was not aware of the reason for his absences from work and targeted him with unmerited discipline, even though he had submitted medical documentation and the agency was aware of his work-related injury. *Id.* He provides documents to support his assertions[2]

---

[2] These documents relate to, among other thing, the appellant's absences from duty, his medical condition, claims of an on-the-job injury, and a predisciplinary interview. PFR File, Tab 1 at 4-29. Some of the documents are in the record below, some post-date the close of the record below, and others were not submitted below and do not predate the close of the record below. To the extent that the documents were not submitted below and are from prior to the close of the record below, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Regardless, none of the documents submitted by the appellant are relevant to the dispositive issue, the effect of his withdrawal of his appeal. On remand, the administrative judge should determine the admissibility of documents on which the

and requests a hearing to present his affirmative defenses. *Id.* at 1, 4-29. The agency has filed a response, PFR File, Tab 5, to which the appellant has filed an untimely reply,[3] PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and, in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Id.*

Here, the appellant asserted below that he wished to withdraw the appeal without prejudice "as long as the agency discontinue[d] its unlawful, deceptive, and [retaliatory] conduct." IAF, Tab 18. The administrative judge subsequently dismissed the appeal as withdrawn without making any finding as to whether the appellant's withdrawal was clear, unequivocal, and decisive. ID at 1-2. In his petition for review, the appellant has not alleged any unusual circumstances that

---

appellant relies to support his claim. 5 C.F.R. § 1201.41(b)(3).

[3] In an order granting the agency an extension of time to file a response to the appellant's petition for review, the Office of the Clerk of the Board informed the appellant that he could file a reply to the response within 10 days of the date of service of the agency's response. PFR File, Tab 4. The certificate of service with the agency's response to the petition for review indicates that the response was served on the appellant by the U.S. Postal Service on June 29, 2020. PFR File, Tab 5 at 96. Allowing for delivery time by the Postal Service, as provided for in the Board's regulations, 5 C.F.R. § 1201.23, the appellant's reply was due on or before July 14, 2020. The appellant filed his reply to the petition for review on October 20, 2020, over 3 months past the filing deadline. PFR File, Tab 6 at 41. Thus, it was untimely filed. Moreover, the appellant has not offered an explanation for the filing delay. Thus, we have not considered the appellant's reply to the agency's response to the petition for review. In any event, neither the pleading nor the attachments address the dispositive issue before the Board, the effect of the withdrawal of the appellant's appeal.

would justify the reinstatement of his appeal or otherwise raised any challenges to the dismissal of his appeal as withdrawn.

Nonetheless, the Board will not honor a request to withdraw an appeal unless it is clear, unequivocal, and decisive and reflects an understanding that withdrawal is an act of finality, i.e., a dismissal with prejudice. *Cason*, 118 M.S.P.R. 58, ¶ 5. The appellant's responses to the administrative judge's orders reflect that he sought dismissal without prejudice or at the very least was confused about the proceeding. IAF, Tabs 17-18. Under the circumstances, we find that his withdrawal did not meet the standard of being clear, decisive, and unequivocal.

Thus, we remand this case for the resumption of adjudication, including a determination as to whether the Board has jurisdiction over the appeal. On remand, the administrative judge should provide the parties with the requisite notice and consider their additional evidence to the extent it relates to the dispositive issue.

**ORDER**

For the reasons discussed above, we vacate the initial decision and remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _____
                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.